IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER EARL WILLIAMS #131113, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:13-CV-512-TMH |
| | )             [WO] |
| | ) |
| NURSE PHELPS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Walter Earl Williams ["Williams"], a state inmate confined at the Staton Correctional Facility, challenges the constitutionality of medical treatment provided to him by Nurse Phelps and vulgar language directed towards him by this defendant.  Williams names Nurse Phelps and the Staton Infirmary as defendants in this cause of action.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Staton Infirmary and his allegation regarding the use of vulgar language are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Williams leave to proceed *in forma pauperis*.  *Order of July 24, 2013 - Doc. No. 3*.  A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss any claim presented in the civil action prior to service of

## II.  DISCUSSION

### A.  The Staton Infirmary

The infirmary of a correctional facility is not a legal entity subject to suit or liability under 42 U.S.C. § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Thus, the plaintiff's claims lodged against the Staton Infirmary are due to be summarily dismissed.  *Id.*

### B.  Vulgar Language

Williams complains that on April 12, 2013 defendant Phelps acted "very unprofessionally" when she "use[d] vulgar language" in addressing his request for medical treatment.  *Complaint - Doc. No. 1* at 3.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Derogatory, demeaning, vulgar, profane, threatening or abusive comments made by a state official to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their

---

process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

distressing nature, directed at inmate do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than . . . verbal taunts do not violate the Eighth Amendment."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment). In light of the foregoing, the court concludes that Williams fails to state a cognizable claim with respect to defendant Phelps's alleged use of vulgar language and this claim is therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Staton Infirmary be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Staton Infirmary be dismissed as a defendant in this cause of action;

3. The plaintiff's allegation regarding the use of vulgar language be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i); and

4. This case, with respect to the claims regarding a denial of medical treatment by defendant Phelps, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before August 8, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 25th day of July, 2013.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE